USDC IN/ND case 3:18-cv-01008-JD-MGG document 5 filed 11/19/18 page 1 of 7

20D02-1811-CT-000260

Filed: 11/19/2018 8:56 AM
Clerk
Elkhart County, Indiana

Elkhart Superior Court 2

| STATE OF INDIANA | ) | | IN THE ELKHART SUPERIOR COURT 2 |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ELKHART | ) | | CAUSE NO._____ |

| | |
|---|---|
| JOHN PARKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SMOKER CRAFT, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is John Parke, a resident of Columbia City Indiana, who worked for Defendant Smoker Craft, Inc. from about January 3, 2017 until his termination on October 24, 2017.

2. The Defendant is Smoker Craft, Inc., a corporation authorized to do business in the State of Indiana and which is located at 68143 Clunette Street, P.O. Box 65, New Paris Indiana 46553. Defendant is an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA").

3. Plaintiff filed an EEOC Charge of Discrimination, No. 470-2018-01087, on or about January 3, 2018, a copy of which is attached hereto, made a part hereof and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights on or about August 20, 2018 (Exhibit "B"), and this Complaint has been filed within ninety (90) days after receipt thereof.

4. Around September 27, 2017, Plaintiff told her foreman that he had a past addiction to alcohol and drugs and that he was checking himself in voluntarily to a rehabilitation clinic

–1–

so that he could get his condition treated. Thereafter, Defendant's Human Resources department told Plaintiff that he would be "pointed out" and that he would be terminated. Alternative, Plaintiff's other supervisors/management told Plaintiff that he would not be terminated and that he would have a job upon his return from "rehab".

5. Plaintiff applied for short-term disability, but Defendant kept his short-term disability paychecks, causing Plaintiff and his family severe financial hardship.

6. An impromptu meeting was held on or about October 30, 2017 which Plaintiff was totally unprepared for, and at that time, there were five (5) managers present who berated and ridiculed Plaintiff for his addictions and basically told him that his past addiction problems which caused him to seek rehab were not covered by the ADA and therefore, he had pointed out, his insurance had been cancelled and he was terminated.

7. Plaintiff claims that he was a qualified individual with a disability, that he was perceived and regarded as being disabled, that he was discriminated against by Defendant on the basis of his record of impairment, that Defendant failed to engaged in the interactive process with the Plaintiff, denied him the reasonable accommodation of attending rehabilitation and returning to work to perform the essential functions of his job, and that Plaintiff was otherwise discriminated against and retaliated against – all as set forth in paragraphs I – XIV of Plaintiff's EEOC Charge of Discrimination, incorporated herein pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

8. The actions of the Defendant in discriminating against, retaliating against and terminating Plaintiff were all intentional and in reckless disregard of Plaintiff's federally protected rights under the ADA. Plaintiff lost his job and job-related benefits including income.

–2–

He suffered stress, embarrassment, emotional distress, mental anguish, humiliation, inconvenience and other damages and injuries for which he seeks compensatory damages.

9. Plaintiff also seeks punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:      cmyers@myers-law.com
Counsel for Plaintiff

CCM/js

—3—

USDC IN/ND case 3:18-cv-01000-JD-MGG document 5 filed 11/19/18 page 4 of 7

20D02-1811-CT-000260

Filed: 11/19/2018 8:56 AM
Clerk
Elkhart County, Indiana

Elkhart Superior Court 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 470-2018-01087 |

| Equal Employment Opportunity Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| John Parke | 260-229-5468 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3872 South Raber Road | Columbia City, Indiana, 46725 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Smokercraft Inc., d/b/a "Smoker-Craft" | 16+ | 260-868-2151 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 65 | New Paris, Indiana 46553 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Denise C. Davis (registered agent) | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 130 North Main Street | Goshen, Indiana 46526 |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☒ ADA DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 9/2017    Latest: 10/24/2017

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is John C. Parke, a qualified employee of the Respondent's at all material times to this Charge. The Complainant at all material times suffered from a serious health condition that constituted a disability/perceived disability/record of impairment during his employment. The Complainant contends that the Respondent discriminated against, and/or retaliated against him on the basis of his disability/perceived disability/record of impairment, in violation of the Complainants federally protected rights under the Americans with Disabilities Act, 42 U.S.C §12111 *et seq.* ("ADA").

II. The Respondent is Smokercraft Inc. d/b/a Smokercraft, a company with a mailing address of P.O. Box 65, New Paris, Indiana, 46553, and with the Registered Agent Denise C. Davis, 130 North Main Street, Goshen, Indiana 45626. At all material times to this Charge, the Respondent was an "employer" for the purpose of the ADA.

III. The Complainant was employed by the Respondent from on or about January 3, 2017, until his wrongful termination on or about October 24, 2017. At all material times to this Charge, the Complainant performed within the reasonable expectations of the employer.

IV. On or about September 27, 2017, the Complainant notified his foreman Dave Gabet, that the Complainant suffered from a particular condition, and that as a of result the condition, the Complainant needed to enter himself into a treatment facility. The Complainant then reported the same information to his department head, Barney (last name unknown). The Complaint further notified the department head that he did not at that point know how long he would be needing for time off relating to the condition. "Continued on Page 2"

Ex. A

V.    The department head took the Complainant to Human Resources, to speak with the H.R. representative Brenda (last name unknown).

VI.   At the H.R. office, Brenda began to grill the Complainant for answers about why he was going to seek treatment. Due to the stigmatizing nature of the Complainant's condition, he was reluctant to tell her the specific condition involved and type of treatment. The H.R. representative became extremely upset, and suggested the Complainant just quit his job.

VII.  The Complainant left the H.R. office, and informed the foreman and department head what had happened.

VIII. Brenda the Human Resources representative then falsely accused the Complainant of having yelled and cursed at her in the HR office during the conversation with her.

IX.   The Complainant's superiors expressed that they wanted the Complainant to continue in his job with the company, and ask that he leave his toolbox there while he was on medical leave. The Complainant subsequently was informed by Human Resources that the Complainant was going to be "pointed out" on attendance points, but that the company would still be able to immediately rehire him once he completed his treatment and was ready to return to the job. Both the Complainant's foreman and department head reassured him though, that his job was not going to be in danger.

X.    While the Complainant was still on his leave of absence, the H.R. representative contacted him and asked him to return to her office. The Complainant declined to do so without having a witness with him. Complainant then met the H.R. officer, with the Complainants department head. During the meeting the H.R. representative told him that he was going to be pointed out and would be losing his employer based insurance coverage, unless he began paying the premiums on his own.

XI.   While in treatment, Complainant was to receive short term disability checks from the Respondent. The Complainant later learned that the Respondent was holding his short term disability checks and were not going to send them to the Complainant until he was discharged from treatment. As a result of this wrongful withholding of funds from the Complainant, the Complainants family endured unnecessary financial hardship while he was in treatment.

XII.  The Complainant was able to return home from treatment on or about October 28, 2017, and returned to work on October 30 to collect the short term disability checks that were withheld from him without authorization. While at the work site to collect his checks, a variety of individuals approached the Complainant and out of nowhere began talking to him about his condition and their opinion claim that it wasn't covered by the ADA. The Complainant was shocked because he had never spoken to any of these individuals about his condition and had expected his private medical information to be kept private by Brenda at H.R., the Complainant's foreman, and his department head. Amongst the individuals that approached the Complainant was a Peggy (last name unknown), who openly talked to the Complainant about his specific condition in front of other employees.

X.    On October 17, 2017 the Respondent sent the Complainant a letter informing him that he would be terminated effective as of October 24, 2017, due to having been given 18 attendance points and using all of his allotted "24 hour notices" for absences. The vast majority of the attendance points however, were the result of the Complainant being off work in order to obtain treatment for his condition.

"Continued on Page 3"

XI. The Complainant contends that the Respondent denied him the reasonable accommodation of sufficient time off to obtain treatment for a medical condition constituting a disability. The medical condition furthermore substantially affected his major life activities of concentrating, cognitive thinking, sleep, appetite, overall attitude and well-being. The Complainant also contends that the Respondent failed to engage in the interactive process with them regarding his disability.

XII. In addition, the Complainant alleges that the Respondent treated him more harshly and less favorably than similarly situated employees that lack a disability/perceived disability/record of impairment, by failing to maintain appropriate confidentiality regarding the nature of the Complainant's health condition and/treatment, whereas similarly situated individuals without a disability/perceived disability/ record of impairment that required time off of work did not have their medical information openly discussed and needlessly disclosed to coworkers and other employees at the company.

XIII. The Complaint further contends that the Respondent discriminated against and/or retaliated against and terminated him on the basis of his disability/perceived disability/ record of impairment, in violation of the Complainant's federally protected rights under the ADA. The Complainant is entitled to seek compensatory damages and reasonable attorney's fees and costs against the Respondent.

XIV. The Respondent's discriminatory and/or retaliatory conduct furthermore was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADA, entitling the Complainant to punitive damages.

---

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *1-3-18* *John Parche* <br> Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) <br> 01-03-2018 |

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)    **U.S. Equal Employment Opportunity Commission**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **John Parke**<br>**3872 South Raber Road**<br>**Columbia City, IN 46725** | From:  **Indianapolis District Office**<br>**101 West Ohio St**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2018-01087** | **Frederick J. BruBaker,**<br>**Enforcement Supervisor** | **(317) 226-7350** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____      AUG 2 0 2018

Enclosures(s)                   **Michelle Eisele,**       *(Date Mailed)*
                                **District Director**

cc:    **SMOKER CRAFT INC**

   **c/o Janilyn Daub**                  **Christopher C. Myers**
   **Barnes & Thornburg LLP**            **CHRISTOPHER C. MYERS & ASSOCIATES**
   **700 1st Source Bank Center**        **809 S. Calhoun Street**
   **100 North Michigan Street**         **Suite 400**
   **South Bend, IN 46601**              **Fort Wayne, IN 46802**

Ex. B